IN RE INTEREST OF ROBIN C., A CHILD UNDER 18 YEARS OF AGE. STATE OF NEBRASKA, APPELLEE, V. ROBIN C., APPELLEE, AND NEBRASKA DEPARTMENT OF SOCIAL SERVICES, APPELLANT.

535 N.W.2d 831

Filed August 15, 1995.   No. A-95-011.

Don Stenberg, Attorney General, Royce N. Harper, and James L. Hatheway, Special Assistant Attorney General, for appellant.

Jean Rhodes, Morrill County Attorney, for appellee State.

HANNON, MILLER-LERMAN, and INBODY, Judges.

HANNON, Judge.

The Nebraska Department of Social Services (DSS) appeals from the order of the county court for Morrill County, acting as a juvenile court, which placed Robin C. on probation subject to the supervision of DSS. On appeal, DSS asserts that the trial court erred by placing Robin on probation subject to its supervision because Nebraska law does not permit such a disposition. Because we conclude that the juvenile court lacked the statutory authority to order DSS to supervise Robin's probation, we reverse the dispositional order of the juvenile court and remand the cause for further proceedings.

## FACTUAL SUMMARY

On August 30, 1994, a petition was filed in the county court for Morrill County, alleging that Robin was a child as defined by Neb. Rev. Stat. § 43-247(1) and (3)(b) (Reissue 1993). The petition alleged that Robin was a juvenile under the age of 21 years, was in possession of alcohol, had disobeyed her curfew, was uncontrollable, and was verbally abusive to her parents.

At a hearing held on September 21, Robin admitted the allegations contained in the petition, and the court found that the allegations were true. Robin was adjudicated a juvenile as defined by § 43-247(1) and (3)(b). The court ordered DSS to conduct a predispositional investigation.

A dispositional hearing was held on November 30. After receiving evidence, the court placed Robin on probation subject to the supervision of DSS. DSS has appealed.

## ASSIGNMENT OF ERROR

DSS alleges that the juvenile court erred when it ordered DSS to supervise Robin's probation.

## STANDARD OF REVIEW

An appeal to the Court of Appeals or the Supreme Court from a juvenile court is reviewed de novo on the record. *In re Interest of J.T.B. and H.J.T.*, 245 Neb. 624, 514 N.W.2d 635 (1994).

■ Regarding a question of law, an appellate court has an obligation to reach a conclusion independent of the conclusion of the trial court. *Lindsay Mfg. Co. v. Universal Surety Co.*, 246 Neb. 495, 519 N.W.2d 530 (1994); *Nebraska Builders Prod. Co. v. Industrial Erectors*, 239 Neb. 744, 478 N.W.2d 257 (1992).

## DISCUSSION

DSS alleges that the juvenile court was without jurisdiction to order DSS to supervise Robin's probation because Nebraska statutory law does not provide the authority for such a disposition.

Neb. Rev. Stat. § 43-286 (Cum. Supp. 1994) provides in relevant part:

> When any juvenile is adjudicated to be a juvenile described in subdivision (1), (2), (3)(b), or (4) of section 43-247:
>
> (1) The court may continue the dispositional portion of the hearing, from time to time upon such terms and conditions as the court may prescribe, including an order of restitution of any property stolen or damaged when the same is in the interest of the juvenile's reformation or rehabilitation, and, subject to the further order of the court, may:
>
> (a) Place the juvenile on probation subject to the supervision of a probation officer;
>
> (b) Permit the juvenile to remain in his or her own home, subject to the supervision of the probation officer; or
>
> (c) Cause the juvenile to be placed in a suitable family home or institution, subject to the supervision of the probation officer. If the court has committed the juvenile to the care and custody of the Department of Social Services, the department shall pay the costs of the suitable family home or institution which are not otherwise paid by the juvenile's parents.
>
> . . . .
>
> (2) Except as provided in section 43-287, the court may commit such juvenile to the care and custody of the Office

of Juvenile Services or the Department of Correctional Services, but a juvenile under the age of twelve years shall not be committed to the Youth Rehabilitation and Treatment Center-Geneva or to the Youth Rehabilitation and Treatment Center-Kearney unless he or she has violated the terms of probation or has committed an additional offense and the court finds that the interests of the juvenile and the welfare of the community demand his or her commitment. This minimum age provision shall not apply if the act in question is murder or manslaughter.

Neb. Rev. Stat. § 43-287 (Cum. Supp. 1994) provides:

Notwithstanding the provisions of subdivision (2) of section 43-286, when any juvenile is found by the court to be a juvenile defined by subdivision (3)(b) of section 43-247, the court may (1) enter such order as it is empowered to enter in the case of a juvenile described in subdivision (1) or (2) of section 43-247, except that no such juvenile shall be committed to the Youth Rehabilitation and Treatment Center at Kearney or Geneva, or (2) enter an order committing or placing the juvenile to the care and custody of the Department of Social Services.

The above statutes present the choices for disposition of juveniles adjudicated to be juveniles as defined by § 43-247. Clearly, the juvenile court was authorized under §§ 43-286 and 43-287 to place Robin on probation; whether the court was authorized to order DSS to supervise the probation is another matter. Section 43-286 specifically provides that a juvenile may be placed on probation subject to the supervision of a probation officer. There is no provision in either § 43-286 or § 43-287 that grants the juvenile court the authority to place a juvenile on probation subject to the supervision of DSS. We are unable to find any statutory or case law under which a juvenile court can order DSS to supervise a juvenile's probation.

We conclude that the juvenile court lacked the statutory authority to order DSS to supervise Robin's probation, and therefore, the dispositional order must be reversed and the cause remanded for further proceedings. On the basis of the record before us, we agree with the purpose and intention of the trial court in entering the order. We simply conclude the statutes

do not give the court the authority to make DSS a probation supervisor. We do not presume to fashion a remedy by modifying the trial court's order, but, rather, return the cause to the court, leaving it free to fashion some other procedure that is within its powers.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.